IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Perry, #307793, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 1:21-3076-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden Nelson, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court upon Petitioner Tyrone Perry's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On April 12, 2022, Magistrate Judge Shiva V. Hodges filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Respondent's motion for summary judgment and dismiss this petition with prejudice because it is a successive petition and Petitioner has not received pre-filing authorization from the Fourth Circuit Court of Appeals to file the successive petition. *See* 18 U.S.C. § 2244(b)(3).

Attached the Report was a notice advising Petitioner of his right to file written, specific objections to the Report within fourteen days of receiving a copy. Petitioner filed objections on April 29, 2022, and the matter is ripe for review.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

## DISCUSSION

Pursuant to 28 U.S.C. § 2254, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies. See 28 U.S.C. § 2244(b)(2); *see also* Rule 9, Rules Governing Section 2254 and 2255 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

The "AEDPA does not define 'second or successive.'" *United States v. Orozco–Ramirez*, 211 F.3d 862, 867 (5th Cir.2000). "[I]t is well settled that the phrase ['second or successive'] does not simply refer to all § 2254 applications filed second or successively in time." *Magwood v. Patterson*, 561 U.S. 320, 332 (2010) (internal quotation marks and citations omitted). "In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits." *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S.Ct. 1289 (2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000)).

Here, as the Magistrate Judge explained in her Report, Petitioner previously filed a habeas corpus action in this Court pursuant to 28 U.S.C. § 2254 in 2011. See *Perry v.*

*McCall*, Civil Action No. 1:11-2334-MBS-SVH (D.S.C. 2012) ("*Perry I*").  In *Perry I*, the Court issued an order on August 28, 2012, adopting the Magistrate Judge's Report and granting Respondent's motion for summary judgment, finding that the four grounds raised in the § 2254 petition were procedurally defaulted.  The Magistrate Judge further found that Petitioner failed to show cause for and prejudice from the procedural default, or that the failure to consider the claims would result in a fundamental miscarriage of justice.  *Perry I*, No. 1:11-2334 at ECF No 45.

Here, the Magistrate Judge determined that the instant action qualifies as a second or successive § 2254 petition based on Petitioner's prior § 2254 petition, which was denied on the merits.  In response to Petitioner's argument that he does not need permission to file the instant action because it raises new issues under new South Carolina rules, the Magistrate Judge explained that the Court's dismissal of Petitioner's prior action for procedural default is a dismissal on the merits for purposes of determining whether the instant petition is successive.  (ECF No. 31 at 12-13.)  Because Petitioner did not receive pre-filing authorization, the Magistrate Judge determined that the Court lacks jurisdiction.

In his objections, Petitioner raises arguments pertaining to the merits of his underlying claims.  Petitioner also argues that his first habeas petition was not adjudicated on the merits, and, therefore, the instant action is not successive.  After a de novo review of the record, however, the Court finds Petitioner's objections wholly without merit.

As the Magistrate Judge properly explained, "[t]o be considered 'successive,' the second or subsequent petition must be an attack on the same conviction attacked in the first petition, and the first petition must have been adjudicated on the merits."  *See Epps v. McCall*, No. 1:13-cv-873-RMG, 2013 WL 2897016, at *1 (D.S.C. June 13, 2013)(citing

*In re Williams*, 444 F.3d 233, 236 (4th Cir.2006)).

Here, the instant § 2254 petition is clearly an attack on the same conviction attacked in *Perry I*. And the Court agrees with the Magistrate Judge that *Perry I* was denied on the merits, insofar as the Fourth Circuit has plainly stated that "[b]y every reckoning, a dismissal for procedural default is a dismissal on the merits" for purposes of determining whether a habeas petition is successive. *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir. 2002) (citations omitted). Ultimately, the law is settled that when a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court, . . . move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." (citing 28 U.S.C. § 2244(b)(3))). Petitioner has not shown that he has obtained permission from the United States Court of Appeals for the Fourth Circuit to file a successive petition. As a result, the Court agrees with the Magistrate Judge that Petitioner's unauthorized, successive petition must be dismissed. *See Burton*, 549 U.S. at 153 (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition).

Furthermore, the Court finds that Petitioner's objections do not alter this conclusion. Stated simply, nowhere in his objections does Petitioner effectively demonstrate that the instant § 2254 petition is not successive to his prior § 2254 petition, which was decided on

4

the merits; nor does Petitioner contend that he has received pre-filing authorization from the Fourth Circuit to file the instant petition.

Accordingly, the Court hereby adopts and specifically incorporates the entirety of the Magistrate Judge's Report (ECF No. 31); the Court overrules Petitioner's objections (ECF No. 33); and the Court grants Respondent's motion for summary judgment (ECF No. 16) and dismisses this action with prejudice.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 18, 2022
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.